UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ABBAS M. OMAIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:12-CV-156 |
| | § | |
| JANET NAPOLITANO, | § | |
| | § | |
| Defendant. | § | |

## **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Now before the Court is the Motion for Summary Judgment filed by Defendant Janet Napolitano, Secretary, U.S. Department of Homeland Security ("DHS"). (Dkt. No. 20). Plaintiff Abbas M. Omais, who was employed from April to December 2010 by U.S. Customs and Border Protection ("CBP"), an agency within DHS, challenges his termination from that employment in this suit filed on May 14, 2012. (Dkt. No. 1). Specifically, Plaintiff alleges that Defendant discriminated against him on the basis of his national origin (Lebanese) and religion ("Muslim"), and retaliated against him for opposing this discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. Id.*[1]

Through its Motion and the evidence attached, Defendant has met its burden to produce a legitimate, non-discriminatory/non-retaliatory reason for Plaintiff's termination from his employment as a "Border Patrol Agent Intern" ("BPAI"): namely, his "inability to learn and retain the skills necessary for the safe handling of firearms, difficulty working with peers, improper care of government furnished equipment, anger management issues and…general

---

[1] Plaintiff's Original Complaint also appears to assert claims under 42 U.S.C. § 1981 and makes a single reference to alleged harassment by his fellow trainees on account of his gender (male). *See* (Dkt. No. 1 at § III, ¶ 1; §§ V-VII). However, the parties' summary judgment briefing and the arguments of counsel at the June 14, 2013 pending motions hearing have indicated to the Court that Plaintiff is pursuing only national origin and religion-based claims under Title VII. *See* (Dkt. Nos. 20, 21).

overall performance despite counseling and remedial training." (Dkt. No. 20-7); *see*, *e.g.*, *Black v. Pan Am. Labs., L.L.C.*, 646 F.3d 254, 259 (5th Cir. 2011) (setting forth burden-shifting test for Title VII discrimination claims); *Evans v. City of Houston*, 246 F.3d 344, 352-55 (5th Cir. 2001) (retaliation).[2]  Specifically with regard to Plaintiff's alleged "anger management issues," Defendant presents evidence that during a performance review by his supervisor, Alberto Olivares, on November 17, 2010, Plaintiff became "disruptive" after being told that he had an anger management problem, "attempted to talk over" Olivares, and "at one point…lunged at him…." *See*, *e.g.*, (Dkt. No. 20-7).  Defendant's Motion argues that the record lacks evidence that these reasons were pretext for discrimination or retaliation. (Dkt. No. 20).  However, as the Court explained at the June 14, 2013 pending motions hearing, the record contains some evidence of a continuing pattern of harassment of Plaintiff by his fellow BPAIs on account of Plaintiff's national origin and religion, of which supervisory personnel at the Rio Grande City Station were made aware.[3]  Further, the record provides some indication that Plaintiff was treated differently than other BPAIs and his performance more closely scrutinized, culminating in the heated November 17 meeting.  On November 18, Plaintiff wrote a memorandum complaining of Olivares's "biased" performance assessment and of the alleged harassment Plaintiff had been experiencing on account of his "origin" and "Muslim name." (Dkt. No. 21-4 at pp. 375-76).  Plaintiff submitted the memo to Olivares, who then recommended Plaintiff's termination.  Plaintiff was formally terminated on December 13, 2010 based on "the reports of

---

[2]  Defendant does not contest that Plaintiff has established *prima facie* cases of discrimination and retaliation.  *See* (Dkt. No. 20).

[3]  Even if, as Defendant's Motion notes, Plaintiff did not timely complain of incidents of harassment that occurred at the Border Patrol Academy in New Mexico, those incidents allegedly continued into Plaintiff's field training at the Rio Grande City Station and therefore provide background and context to Plaintiff's timely-filed complaint.  Further, Olivares's admission that he requested and received Plaintiff's Academy file, which contained memorandum reports by Plaintiff's alleged harassers, is relevant to the animus behind his alleged treatment of Plaintiff.

[Plaintiff's] Supervisory Agents." (Dkt. No. 21-1 at p. 52); *see also* (Dkt. No. 20-7). As the Court noted at the June 14, 2013 hearing, at this stage the Court "may not make credibility determinations or weigh the evidence" and must resolve doubts and reasonable inferences regarding the facts in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Dean v. City of Shreveport*, 438 F.3d 448, 454 (5th Cir. 2006). Therefore, the Court must find that the record places in genuine dispute whether Defendant's proffered reasons for Plaintiff's termination were pretext for discrimination and retaliation. For these reasons, the Court hereby **ORDERS** that Defendant's Motion for Summary Judgment is **DENIED**.

SO ORDERED this 18th day of June, 2013, at McAllen, Texas.

_____
Randy Crane
United States District Judge